FILED
CLERK, U.S. DISTRICT COURT

3/3/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___LM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2019 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:21-cr-00042 JWH |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 2251(e): Conspiracy to Produce Child Pornography; 18 U.S.C. § 2251(b): Production of Child Pornography by Parent; 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution and Receipt of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |
| KRISTINE NIEMCZUK and RYAN NOBLE, aka "cpyounglvr2" and "Somebody Used2kno," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 2251(e)]

[ALL DEFENDANTS]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.  Defendant KRISTINE NIEMCZUK and the child victim ("Child Victim") resided in Riverside County, California.

2.  Child Victim was two years old.

3.     Defendant RYAN NOBLE resided in San Bernardino County, California.

B.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing until on or about November 27, 2017, in Riverside and San Bernardino Counties, within the Central District of California, defendants KRISTINE NIEMCZUK and RYAN NOBLE, also known as ("aka") "cpyounglvr2" and "Somebody Used2kno," conspired with each other and others known and unknown to the Grand Jury to produce child pornography, in violation of Title 18, United States Code, Section 2251(a), and to produce child pornography by a parent and custodian, in violation of Title 18, United States Code, Section 2251(b).

C.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.     Defendant NOBLE would use online dating applications to meet and communicate with women who had access to minor children.

2.     Defendant NOBLE would express sexual interest in the minor children to these women and would seek to arrange to meet with the women and the minor child.

3.     Defendant NIEMCZUK would offer to send defendant NOBLE child pornography videos in exchange for payment.

4.     Defendant NIEMCZUK would persuade Child Victim to use a vibrator while she recorded Child Victim being used in sexual acts.

5.     Using a cellular telephone, defendant NIEMCZUK would send defendant NOBLE images and videos of herself and Child Victim for defendant NOBLE's sexual gratification.

2

6. Defendant NOBLE would make financial payments to defendant NIEMCZUK, which she would thereafter use to pay for shopping and gambling, to facilitate their relationship.

7. In order to groom, that is, train, the Child Victim to engage in additional sexual acts, defendant NOBLE would request that defendant NIEMCZUK show and watch child pornography with the Child Victim.

D. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants NIEMCZUK and NOBLE, and others known and unknown to the Grand Jury, committed various acts in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Acts No. 1-9: On or about the following dates, defendant NOBLE made the following payments to defendant NIEMCZUK:

| DATE | AMOUNT |
|---|---|
| 9/28/17 | $210 |
| 9/30/17 | $200 |
| 10/1/17 | $90 |
| 10/1/17 | $20 |
| 10/3/17 | $145 |
| 10/20/17 | $150 |
| 10/20/17 | $130 |
| 11/26/17 | $60 |
| 11/27/17 | $75 |

Overt Act No. 10: On or about November 25, 2017, defendants NIEMCZUK and NOBLE met in a hotel room with Child Victim present and had sexual intercourse.

Overt Act No. 11:  On or about November 27, 2017, defendant NIEMCZUK sent defendant NOBLE a text message stating that "when you send me the money [...], I'll send you a surprise picture."

Overt Act No. 12:  On or about November 27, 2017, defendant NIEMCZUK sent defendant NOBLE another text message stating that what she would send "may or may not be a video with a vibrator."

Overt Act No. 13:  On or about November 27, 2017, defendant NOBLE sent defendant NIEMCZUK a text message that stated "I'll send it asap after this first call. That's a good idea the more you do that with her the more she will be comfortable doing it with me."

Overt Act No. 14:  On or about November 27, 2017, defendant NIEMCZUK produced child pornography videos of Child Victim at her residence in Cherry Valley, California.

Overt Act No. 15:  On or about November 27, 2017, defendant NIEMCZUK sent defendant NOBLE a text message that stated "I got the video."

Overt Act No. 16:  On or about November 27, 2017, defendant NOBLE sent defendant NIEMCZUK a text message that stated "Ok I just got done with my first call I'll let you know when you have the money sexy. I hope [Child Victim] enjoyed it."

Overt Act No. 17:  On or about November 27, 2017, defendant NIEMCZUK sent defendant NOBLE a text message that contained a video depicting child pornography of Child Victim that she had created.

Overt Act No. 18:  On or about November 27, 2017, defendant NIEMCZUK sent defendant NOBLE a second text message that included a second video depicting child pornography of Child Victim.

COUNT TWO

[18 U.S.C. § 2251(b); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about November 27, 2017, in Riverside County, within the Central District of California, defendant KRISTINE NIEMCZUK, being the parent and legal guardian, and having custody and control of Child Victim, a person under 18 years of age, aided and abetted by defendant RYAN NOBLE, aka "cpyounglvr2" and "Somebody Used2kno," knowingly permitted Child Victim to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellphone, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

COUNT THREE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

[DEFENDANT NIEMCZUK]

On or about November 27, 2017, in Riverside County, within the Central District of California, defendant KRISTINE NIEMCZUK knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and cellphone, knowing that the images were child pornography.

The child pornography that defendant NIEMCZUK distributed included the following videos titled:

(1) 20171127_111550_001.mp4; and

(2) 20171127_111657_001.mp4.

COUNT FOUR

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

[DEFENDANT NOBLE]

On or about November 27, 2017, in San Bernardino County, within the Central District of California, defendant RYAN NOBLE, aka "cpyounglvr2" and "Somebody Used2kno," knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and cellphone, knowing that the images were child pornography.

The child pornography that defendant NOBLE received included the following videos titled:

(1) 20171127_111550_001.mp4; and

(2) 20171127_111657_001.mp4.

COUNT FIVE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

[DEFENDANT NOBLE]

On or about March 29, 2018, in San Bernardino County, within the Central District of California, defendant RYAN NOBLE, aka "cpyounglvr2" and "Somebody Used2kno," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant NOBLE distributed included an image titled cd5ffb42-3d4c-410cb323-1ad49fe8727.

COUNT SIX

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

[DEFENDANT NOBLE]

On or about March 30, 2018, in San Bernardino County, within the Central District of California, defendant RYAN NOBLE, aka "cpyounglvr2" and "Somebody Used2kno," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant NOBLE distributed included the following images and videos titled:

(1) d237071d-66d5-4c92-ae37-88a3904aa77c;

(2) 95feb5e1-e520-4f9e-a5ae-4e8e31d080ca;

(3) 66e551ad-a3a3-4a43-bdf2-98a5ba86bbc1;

(4) 395ad92b-5a05-4317-807e-984cf5908a8d; and

(5) 3d839253-56e4-4bc5-aa50-7eeff120c117.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2253(b), any defendant so

convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

BENJAMIN J. WEIR
Assistant United States Attorney
Riverside Branch Office