E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN J. WEIR (Cal. Bar No. 312418)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone:   (951) 276-6228
     Facsimile:   (951) 276-6202
     E-mail:   Benjamin.Weir@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>KRISTINE NIEMCZUK and<br>RYAN NOBLE,<br><br>            Defendants. | No. ED CR 21-42-JWH<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>CURRENT TRIAL DATE:    3/13/23<br>PROPOSED TRIAL DATE:   7/24/23 |

        Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorney Benjamin J. Weir,

and defendants Kristine Niemczuk and Ryan Noble (collectively

"defendants"), both individually and by and through their respective

counsel of record, Deputy Federal Public Defender Jessaka Menzie and

Anthony Solis, hereby stipulate as follows:

        1.    The Indictment in this case was made public on March 19,

2021.  Defendant Niemczuk first appeared before a judicial officer of

the court in which the charges in this case were pending on March 19,

2021. The Speedy Trial Act, 18 U.S.C. § 3161, originally required

1  that the trial commence on or before May 28, 2021. Defendant Noble

2  first appeared before a judicial officer of the court in which the

3  charges in this case were pending on February 23, 2022.

4      2.  On March 19, 2021, the Court set a trial date for defendant

5  Niemczuk of April 26, 2021, and a status conference and motion

6  hearing date of April 9, 2021.  On January 10, 2022, the court again

7  continued the defendant Niemczuk's trial date to June 13, 2022, and

8  the status conference and motion hearing to May 27, 2022, and set the

9  following briefing schedule: motions due April 15, 2022; oppositions

10  due April 29, 2022; and replies due May 13, 2022.  On May 18, 2022,

11  the Court continued defendant Noble's trial date and set a briefing

12  schedule to match that of defendant Niemczuk.  On July 20, 2022, the

13  court again continued the trial date to March 13, 2023.

14      3.  Defendants are detained pending trial. The parties estimate

15  that the trial in this matter will last approximately five to seven

16  days.

17      4.  By this stipulation, defendants move to continue the trial

18  date to July 24, 2023, and the status conference and motion hearing

19  date to July 14, 2023, and to set the following briefing schedule:

20  motions due June 2, 2023, oppositions due June 16, 2023, and replies

21  due June 30, 2023.  This is the sixth request for a continuance.

22      5.  Defendants requests the continuance based upon the

23  following facts, which the parties believe demonstrate good cause to

24  support the appropriate findings under the Speedy Trial Act:

25      a.  Defendants are charged with violations of 18 U.S.C. §

26  2251(e): Conspiracy to Produce Child Pornography; 18 U.S.C. §

27  2251(b): Production of Child Pornography by Parent; 18 U.S.C. §

28  2252A(a)(2)(A), (b)(1): Distribution and Receipt of Child

Pornography.  The United States has produced approximately 1,500 pages of discovery to defendants, and offered to make available for viewing at the investigating agency's office the child pornography at issue in this matter.

b.   On May 24, 2022, defendant Noble's current counsel substituted in as counsel of record.  On July 12, 2022, defendant Niemczuk's current counsel of record substituted in as counsel of record.

c.   Defense counsel for defendant Niemczuk will be on extended leave for approximately a month between mid-January and mid-February.  Defense counsel for defendant Niemczuk is also presently scheduled to be in trial in the following cases:

- United States v. Gilbert Anthony Hernandez, Case No.22-CR-00279-JGB, which is set to begin on February 14, 2023;

- United States v. Christopher Sebastian Quezadas, Case No.22-CR-00140-MCS, which is set to begin on March 7, 2023;

- United States v. Lauren Michelle Valez, Case No. 22-CR-00069-DSF, which is set to begin on April 4, 2023;

- United States v. Lauro Carlos Jimenez, Jr., Case No. 21-CR-00232-JWH, which is set to begin on April 18, 2023;

- United States v. Jose Omar Montalvo, Case No.22-CR-00172-SSS, which is set to begin on April 24, 2022;

- United States v. Austin Danger Ellison-Meade, Case No.22-CR-00094-JWH, which is set to begin on April 25, 2023;

- United States v. Jaton Junio Aguon, Case No. 22-CR-00214-JGB, which is set to begin on May 9, 2023; and

- United States v. Damon Isiah Moore, Case No. 22-CR-00062-JGB, which is set to begin on June 27, 2023.

      d.   Defense counsel for defendant Noble is presently scheduled to be in trial in the following cases:

- United States v. De Hoyos Ozuna, et al.; Case No 20-cr-00024-TJH-3, three defendant, 5 day drug conspiracy case, trial set February 14, 2023;

- United States v. Bak; Case No. 16-cr-00017-DMG, 5 day bank fraud case, set for February 14, 2023;

- United States v. Nwofor, et al., 22-cr-00300-SVW-2, 5 day money laundering conspiracy set for February 14, 2023;

- United States v. Hensley, Case No. 22-cr-361-JLS, one week fraud case, set for February 21, 2023;

- United States v. Laredo, et al. Case No. 18-cr-892-AB-5, two week RICO and drug conspiracy, trial set March 2, 2023;

- United States v. Macias, et al. (Daniel Carmona); Case No. 21-cr-390-DMG, 7 day drug distribution conspiracy, set for March 21, 2023;

- United States v. Bell, et al. Case No. 18-cr-529-MWF, one week conspiracy and fraud case, trial set March 28, 2023;

- United States v. Alvarez-Caro, et al. (Francisco Moreno), 19-cr-362-AB-19, drug conspiracy, 5 day trial, set for March 28, 2023;

- United States v. Anthony Sylvia; Case 19-cr-756-JAK, three day wire fraud case, set April 11, 2023; and

- United States v. Davila-Amador, et al., Case No. 19-cr-328-GW - three week drug distribution conspiracy set for May 2, 2023.

e.    Accordingly, counsel represents that they will not have the time that they believes is necessary to prepare to try this case on the current trial date.

f.    In light of the foregoing, counsel for defendants represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, to conduct psychological examinations and consult with potential expert witnesses, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g.    Defendants believes that failure to grant the continuance will deny them continuity of counsel and adequate representation.

h.    The government does not object to the continuance.

i.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 13, 2023, to July 24, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(iv) because the delay results from a

continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 19, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/ Benjamin J. Weir
BENJAMIN J. WEIR
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1      I am Kristine Niemczuk's attorney.  I have carefully discussed

2  every part of this stipulation and the continuance of the trial date

3  with my client. I have fully informed my client of her Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than July 24, 2023, is an

7  informed and voluntary one.

8

9  *Jessaka Menzie*                      01/24/2023

10 JESSAKA MENZIE                      Date
   Attorney for Defendant

11 Kristine Niemczuk

12

13     I have read this stipulation and have carefully discussed it

14 with my attorney. I understand my Speedy Trial rights.  I voluntarily

15 agree to the continuance of the trial date, and give up my right to

16 be brought to trial earlier than July 24, 2023.

17

18 _____    01/24/2023
   Kristine Niemczuk                   Date
   Defendant

19

20

21

22

23

24

25

26

27

28

1      I am Ryan Noble's attorney.  I have carefully discussed every
2  part of this stipulation and the continuance of the trial date with
3  my client. I have fully informed my client of his Speedy Trial
4  rights.  To my knowledge, my client understands those rights and
5  agrees to waive them.  I believe that my client's decision to give up
6  the right to be brought to trial earlier than July 24, 2023, is an
7  informed and voluntary one.

8  _____   _____
   ANTHONY SOLIS                   Date 1/23/23
9  Attorney for Defendant
10 Ryan Noble

11

12     I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights.  I voluntarily
14 agree to the continuance of the trial date, and give up my right to
15 be brought to trial earlier than July 24, 2023.

16

17 _____   _____
   RYAN NOBLE                      Date 1/23/23
18 Defendant

19

20

21

22

23

24

25

26

27

28